■ In the Matter of ZAKIYYAH BAHAR et al., Appellants, v NEW YORK STATE BOARD OF PAROLE et al., Respondents. [605 NYS2d 88] —Order and judgment, Supreme Court, New York County (Carol E. Huff, J.), entered February 10, 1993, dismissing petitioners' CPLR article 78 proceeding seeking annulment of respondent Board of Parole's determinations revoking the parole of each petitioner after hearings, unanimously affirmed, without costs.

The trial court properly concluded that petitioners failed to make a showing that the racial descriptions contained in petitioners' case summaries affected the parole revocation determinations or that the determinations were otherwise not rationally based. Initially, it is noted that petitioners have not established that any right to procedural due process was violated. Petitioners argue generally that they were deprived of their due process rights because the case summaries submitted for almost all of the petitioners contained racial descriptions that should have been "avoided" under one of respondent's policy directives. Respondent's appeals unit conceded that inclusion of such a description in petitioner Bahar's case, which was submitted as representative of the claims of all petitioners, was "inappropriate", but noted that Bahar was represented by counsel at the revocation hearing and that the procedural defect could have been addressed by filing a timely objection. Moreover, petitioners have not controverted the finding of the appeals unit that inclusion of the racial description was harmless error "in that race was obvious to all who were present at the proceeding, including the hearing officer".

Petitioners suggest that the commissioner who approved the Hearing Officer's recommendation of parole revocation may well have done so because the commissioner read that Bahar is black. This speculation does not serve to controvert the finding of the appeals unit that Bahar's parole was revoked following the recommendation of the Hearing Officer that "good and sufficient reasons" existed, i.e., Bahar's plea to a charged violation. Thus, petitioners have not met their burden of establishing that the revocations of parole were arbitrary and capricious *(Matter of Tinsley v New York State Bd. of Parole,* 73 Misc 2d 289, 298).

We have considered petitioners' remaining contention and find it to be without merit. Concur—Sullivan, J. P., Asch, Rubin and Nardelli, JJ.